■ PENNSYLVANIA EGG CARTON CORPORATION, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 60570.)—Order and judgment unanimously modified, on the law, and, as modified, affirmed, with costs to claimant, in accordance with the following memorandum: Claimant moved for partial summary judgment on its claim for appropriation by the State of portions of its lands, and for an alleged de facto taking of its rights in the Herkimer Hydraulic Canal. The State opposed the motion on the ground that a stipulation settling a prior claim granted the State absolute control of the waters in the Hydraulic Canal and, therefore, barred the present claim. We disagree. The stipulation expressly provides in paragraph 3 that the State, in emergency situations or threatened emergencies, may empty the Canal by closing the gates, but it shall reopen the gates after conditions are safe. It further provides, "Except as herein set forth, the within Agreement in no wise shall be construed as modifying or diminishing the vested riparian rights of the claimant." Therefore, insofar as the State, by its actions, may have permanently impaired the riparian rights of the claimant in the Hydraulic Canal at times other than during flood emergencies or threatened emergencies, it has effected a de facto appropriation of those rights.

The stipulation also provides that, except in times of flood emergencies, the claimant be assured without interference by the State of a "freeboard" along the Canal of at least 18 inches. The court, in passing on the motion for summary judgment, re-

served to the trial court as a question of fact whether there was a de facto appropriation of the right to the freeboard. Since "freeboard" is defined as the vertical distance between the surface of the water in the Canal and the top of the Canal embankment, the right to a freeboard does not protect claimant's riparian rights to an adequate flow of water in the Canal for its manufacturing purposes during nonemergency periods.

The order and judgment appealed from are modified, therefore, by reversing that part which dismisses the allegations of the claim alleging a de facto appropriation of claimant's vested riparian rights in the Hydraulic Canal, other than in times of flood emergencies or threatened emergencies, and by ordering that this issue proceed to trial. (Appeals from order and judgment of Court of Claims, O'Shea, J.—summary judgment.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Pine, JJ.